■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ARTHUR KAY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered June 27, 1980, convicting him of robbery in the first degree (three counts) and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress an inculpatory statement.

Judgment affirmed.

Shortly after his arrest, the defendant stated to the police that he had been directed to participate in the instant robbery by the armed coperpetrator. In an effort to disprove the defendant's claim that this man was a stranger whom he had just met while hitchhiking, the prosecution introduced the testimony of an undercover detective who, during the course of an unrelated narcotics investigation, had observed the defendant and the coperpetrator together on several occasions.

On appeal, the defendant contends that this testimony was improperly admitted because it suggested that he had been involved in some past, unspecified criminal conduct. We disagree. Although evidence of unconnected, uncharged criminal conduct is inadmissible if offered for no other purpose than to raise an inference that a defendant is of a criminal disposition, such evidence may be admissible if it is offered for some relevant purpose and is necessary to the prosecution's case (see, People v Vails, 43 NY2d 364, 368; People v Cook, 42 NY2d 204, 208; People v Jackson, 39 NY2d 64, 67).

In the case at bar, in order to prove that the unarmed defendant was guilty of robbery in the first degree (see, Penal Law § 160.15 [2]), it was necessary for the prosecution to show that he shared the coperpetrator's intent to commit the robbery (see, Penal Law §§ 20.00, 15.05). Therefore, because the probative value of the undercover detective's testimony outweighed its possible prejudicial effect (see, People v Cook, supra), that evidence was properly admitted even though it may have suggested that the defendant had committed other crimes (see, People v Allweiss, 48 NY2d 40, 46-47).

The defendant's remaining contentions have been reviewed and found to be without merit. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.