◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP WANG, Appellant.

The defendant and two codefendants, William Lai and Fabrizio Barbaran, were charged with crimes arising from the March 20, 1982 attempted robbery of a Shell station in Hauppauge, New York, and the murder of Richard Berger. Prior to trial, the defendant moved for a severance based on the *Bruton* rule *(see, Bruton v United States,* 391 US 123), and on the ground that if he was tried separately, his codefendants would provide testimony which would tend to exculpate him. In support of the defendant's application for a severance, the

codefendants' attorneys confirmed the defendant's assertions that their clients were willing to testify in the defendant's behalf provided that the defendant was separately tried following their trial. Lai and Barbaran were also willing to testify in the defendant's behalf in the event that he was tried first, provided that the prosecutor stipulated not to use their testimony at their own subsequent trials. When asked to explain the nature of what their testimony would be, both attorneys stated that their clients would testify essentially that the three were lost and, therefore, they stopped at the Shell station to get directions to the Long Island Expressway. Only after the defendant exited the vehicle and went into the station to ask for directions did the two codefendants decide to rob the gas station, and so, unbeknownst to the defendant, they entered the station and announced a "stickup". The Assistant District Attorney objected to a severance and requested that the codefendants Lai and Barbaran provide signed sworn affidavits attesting to their willingness to testify in the defendant's behalf and detailing the content of what their testimony would be. The codefendants' attorneys represented that their clients would be willing to provide such affidavits, but they would not provide the prosecution with inculpatory statements. The defendant offered to make an ex parte and in camera showing of what Lai and Barbaran's testimony would be. The trial court denied the defendant's motion for a severance based on "the overwhelming evidence" of the defendant's guilt and the inconvenience which would result from separate trials. The court further found that the defendant was not entitled to a severance on *Bruton* grounds because all of the pretrial statements of the defendant and his codefendants were identical.

Subsequently, the oral and written confessions of the defendant and his codefendants were admitted into evidence at trial together with limiting instructions. While the defendant did not testify, through his cross-examination of the People's witnesses he challenged the reliability of his oral and signed confessions which varied greatly in essential parts from his videotaped statement. In summation, the defendant's counsel argued, in relevant part, that the evidence demonstrated that the defendant had not read his written confession prior to signing it.

On appeal the defendant argues that the trial court erred in denying his motion for a severance, and that the joint trial violated his rights under the Confrontation Clause. We agree.

While "[a] motion for a separate trial is directed to the

sound discretion of the trial court * * * upon a proper showing of need for a codefendant's testimony, it may be an abuse of discretion to deny severance * * * [A] proper showing of need imports that the movant clearly show what the codefendant would testify to and that such testimony would tend to exculpate the movant" (*People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905; *see also, People v Owens,* 22 NY2d 93, 98). Here, the defendant demonstrated that he intended to call his codefendants as witnesses, that they were willing to testify in his behalf if he were tried separately, and that their testimony would tend to exculpate him. We note that to the extent that the defendant's showing in this regard was deficient, that was purely the result of the trial court's refusal to fully entertain his application by refusing to receive the proposed affidavits and refusing to allow the defendant to make an ex parte and in camera showing of what the codefendants Lai and Barbaran's specific testimony would be. Furthermore, the trial court's determination that the defendant was not entitled to a separate trial since the People's case against him consisted of overwhelming proof of guilt was certainly premature and was not a proper basis for denying the motion. Under these circumstances, we find that the defendant established his entitlement to a separate trial and that the trial court abused its discretion in denying his motion for a severance.

Furthermore, we find that the admission into evidence of the two codefendants' statements implicated the very concerns addressed by the Supreme Court in *Cruz v New York* (481 US 186, 107 S Ct 1714). These statements were devastating to the defendant's attempt to renounce his own statements, and we cannot deem this error harmless since there is a reasonable possibility that the error might have contributed to the conviction (*see, People v Crimmins,* 36 NY2d 230, 241; *People v Latif,* 135 AD2d 736).

Since there will be a new trial, we find it necessary to comment on two evidentiary issues raised by the defendant. In admitting photographs of the crime scene which were taken several hours after the crime occurred, the trial court properly instructed the jury that it could not consider the photographs as evidence of how the crime scene appeared at the time the incident took place and that it could only consider them as evidence of what the police found when they arrived on the scene. This instruction was proper because, in between the time that the attempted robbery and shooting occurred and the time that the premises were photographed, there were

civilians, police officers, and emergency personnel present at the scene and there was no foundation laid for the purpose of demonstrating that the photographs were fair and accurate representations of the crime scene's appearance at the time that the crime was committed (cf., People v Cesare, 68 AD2d 938, citing Saporito v City of New York, 14 NY2d 474, 476-477).

Contrary to the defendant's further assertion, the evidence of uncharged crimes which was accepted pursuant to People v Molineux (168 NY 264) was correctly admitted at the trial. This evidence was relevant on the issues of the defendant's consciousness of guilt, his intent, and whether the defendant was acting in concert with his codefendants Lai and Barbaran (see, People v Molineux, supra; People v Ingram, 71 NY2d 474; People v Douglas, 128 AD2d 718, lv denied 69 NY2d 1003; People v Kay, 120 AD2d 615, lv denied 68 NY2d 814). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.