■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN POWE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered May 10, 1985, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt and to disprove the defense of justification beyond a reasonable doubt. Moreover, upon the exercise of our factual review

power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

However, the judgment must be reversed and the matter remitted for a new trial. A fair reading of the minutes of the *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371) makes clear that the court had initially ruled that if the defendant testified on his own behalf, he could be questioned about the fact that he had previously been convicted of a misdemeanor assault. After further argument the court agreed to alter its ruling by employing a *Sandoval* compromise and limiting inquiry to the sole question of whether the defendant had previously been convicted of a crime. Thereafter, defendant testified on his own behalf, asserting the defense of justification. Prior to cross-examining the defendant, and after defense counsel elicited the fact that he had been convicted of a misdemeanor, the prosecutor asked the court to modify its *Sandoval* ruling, relying on the theory that the defendant placed his character in issue. Both counsel were obviously under the impression that the court's ruling forbade any further inquiry. The court denied the prosecutor's application, finding that the defendant had not placed his character in issue, but stated that what it meant by its original *Sandoval* ruling was that the defendant could be asked about the nature of the prior conviction. Over the defendant's objection, the prosecutor established that the misdemeanor of which he had been previously convicted was, in fact, assault.

"The policy underlying *Sandoval* was that the accused has the right to make an informed choice concerning the important determination as to whether he should take the stand *(People v Sandoval, supra,* at 375)" *(People v Oglesby,* 137 AD2d 840, 841-842, *appeal dismissed* 72 NY2d 831). Here, the defendant was denied that right when, after making what he believed to be an informed judgment and taking the stand, the court effectively changed the ruling upon which the defendant had relied. The court's ruling, coming after the defendant had already taken the stand, denied the defendant a fair trial *(see, People v Oglesby, supra).* Given the close question of credibility presented here, we do not find the court's error harmless. We note that the People's alternative contention, that the trial court should have permitted inquiry into the previous assault conviction in any event because the defendant had placed his character in issue, may not be considered on the defendant's appeal *(see,* CPL 470.15 [1]; *People v Goodfriend,* 64 NY2d 695). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.