■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO REYES, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 10, 1988, which convicted defendant, after a jury trial, of murder in the second degree and sentenced him to a prison term of 25 years to life, unanimously affirmed.

The defendant and others stabbed to death a man with whom the defendant had been living, exchanging sexual favors for financial support. Several days after the crime, the defendant enlisted the aid of his young girlfriend and two others, who returned to the victim's apartment while the defendant was in the hospital and attempted to destroy the apartment and the victim's body by arson.

The trial court properly declined to place before the jury the question of whether or not two of those friends, who testified against the defendant at trial, were accomplices. Neither of these witnesses participated in the murder itself in any way, and one of them did not even learn of the murder until days later. Although they attempted to conceal the defendant's crime, an accessory after the fact is not an accomplice for purposes of the corroboration requirement *(People v Torres,* 160 AD2d 746).

Evidence of threats made by the defendant against one of the People's witnesses, although evidence of prior bad acts, was admissible on the issue of consciousness of guilt *(People v Wang,* 140 AD2d 567, 570, *lv denied* 72 NY2d 926). Evidence of consciousness of guilt, while weak, is admissible *(People v Ali,* 146 AD2d 636, 638).

Defendant seeks reversal on the ground of allegedly im-

proper remarks made by the prosecutor on summation. With only one unfocused exception, there were no objections to any of the prosecutor's remarks at issue. Accordingly, defendant's arguments as to the prosecutor's summation are not preserved for review by this court, and we decline to reach them. Were we to reach them, in the interest of justice, we would find that any error was harmless in view of the overwhelming evidence of the defendant's guilt *(People v Briggs,* 155 AD2d 306, *lv denied* 75 NY2d 867).

The sentence was not excessive, considering that defendant brutally murdered a person who trusted him and supported him financially, instructed friends to destroy evidence of his crime by burning a residential apartment building, and showed no remorse for any of his actions *(see, People v Farrar,* 52 NY2d 302, 305). Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.