■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE PENNIX II, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Monserrate, J.), rendered November 29, 1984, convicting him of murder in the second degree and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant's contention that the police intentionally isolated him from his parents, thereby violating his right to counsel by sealing off the most likely avenue by which he might obtain the assistance of counsel, is without merit. The record reveals that the defendant was 18 years of age when arrested and therefore the police were under no duty to contact the defendant's parents regarding his arrest *(see, People v Crosby,* 105 AD2d 844, 845). Furthermore, there was no evidence produced that demonstrated that the police employed a "pattern of isolation and trickery designed to keep the defendant from obtaining counsel" *(People v Fuschino,* 59 NY2d 91, 100). Thus, there was no violation of the defendant's

right to counsel and his statements were properly admitted into evidence.

The defendant also contends that the reliability of the confidential informant, upon whose information the defendant was arrested, was not sufficient to satisfy the *Aguilar-Spinelli* test and therefore his arrest lacked probable cause. We find otherwise. The record reveals that the informant obtained her information from a boyfriend who was one of the perpetrators of the crime along with the defendant. The informant gave the police detailed statements regarding the crime which the police corroborated with personal observations *(see, People v Rodriguez,* 52 NY2d 483, 491). Additionally, the informant knew information about the crime which was not of public knowledge and which the police corroborated. As such, we find that the hearing court's determination of probable cause was based on information derived from a reliable source *(see, People v Griminger,* 71 NY2d 635).

The hearing court's decision not to hold a *Darden* hearing to confirm the existence of an informant constituted a proper exercise of discretion *(see, People v Darden,* 34 NY2d 177). We have reviewed the defendant's remaining contention and find it to be without merit. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.