■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO ROSA, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J., at hearing, trial and sentence), rendered February 25, 1988, convicting defendant,

after a jury trial, of murder in the second degree and sentencing him to an indeterminate prison term of from 25 years to life, unanimously affirmed.

Defendant, his brother, and one Marco Reyes brutally stabbed a man to death in the presence of an eyewitness. Defendant and Reyes were tried separately. On June 26, 1990, this Court affirmed Reyes' conviction *(People v Reyes,* 162 AD2d 357, *lv denied* 76 NY2d 896).

Contrary to defendant's argument on appeal, the court did not abuse its discretion in conducting an *in camera* proceeding during the *Huntley* hearing to protect the identity of a witness who had expressed legitimate fears for his safety (CPL 240.50 [1]; 240.90 [3]; *People v Andre W.,* 44 NY2d 179). Furthermore, protection of the witness's identity and the substance of his statements at the *Huntley* hearing did not deprive defendant of *Brady* material since this evidence was available to defendant at trial. Nor did the court abuse its discretion in denying the defense application to call the same witness solely for the purpose of having him refuse to answer questions in the jury's presence. We also reject defendant's argument that the court erred in refusing to allow the jury to determine whether a prosecution witness was an accomplice pursuant to CPL 60.22. We have previously held in *People v Reyes (supra),* that the trial court properly declined to place this issue before the jury with respect to the same witness. Inasmuch as defense counsel failed to demonstrate that he had been diligent in pursuing a potential witness or that the witness could provide material evidence, it was not error to deny the adjournment sought by defense counsel *(see, People v Foy,* 32 NY2d 473, 476). Defendant's unpreserved argument that defense counsel was ineffective because he failed to reveal to the court a statement made by this witness to defendant is without merit. The eleventh-hour petition for reassignment was properly denied since it failed to demonstrate that counsel had not provided effective assistance *(People v Baldi,* 54 NY2d 137).

We have examined defendant's arguments with respect to the prosecutor's summation and find them to also be without merit. Nor in the circumstances do we perceive any abuse of discretion by the sentencing court, given the brutality and senselessness of the underlying crime. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.