■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ADAMS, Appellant. [603 NYS2d 900] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered March 30, 1988, convicting him of robbery in the third degree (two counts) and grand larceny in the fourth degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that reversible error occurred when the prosecutor elicited testimony that the defendant and his two accomplices purchased and smoked crack cocaine during their robbery spree is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Clarke,* 81 NY2d 777, 778). Moreover, reversal is not warranted in the exercise of our interest of justice jurisdiction. The testimony concerning the defendant's purchase and use of crack cocaine was so "inextricably interwoven" with the crimes here *(see, People v Vails,* 43 NY2d 364), and so necessary to the prosecution's case *(see, People v Kay,* 120 AD2d 615), that no error occurred in its admission.

Also properly admitted was the testimony given by the defendant's accomplice, during redirect examination, that while he and the defendant were incarcerated at the Nassau County Correctional Facility he signed a statement exculpating the defendant, in the presence of the defendant and other inmates from the defendant's tier, because he was "under

pressure all the time from people telling [him that he] was a snitch, and they were going to get [him] if [he] didn't sign the statement saying that [the defendant] didn't do anything" and "if [he] didn't [sign he] knew [he] would have bodily harm brought upon [him]". Where a party opens the door on cross-examination, as the defendant did here, "to matters not touched upon during the direct examination, a party has the right on redirect 'to explain, clarify and fully elicit [the] question only partially examined' on cross-examination" (People v Melendez, 55 NY2d 445, 451; People v Peoples, 143 AD2d 780, 781).

The defendant's contention that he was entitled to a criminal facilitation charge as a lesser-included offense of robbery in the third degree is without merit (see, People v Glover, 57 NY2d 61).

Equally without merit is his claim that, because certain defendants who plead guilty may be sentenced to a lesser prison term under CPL 220.20 (1) (e) (criminal facilitation as a lesser-included offense for plea purposes), the sentence imposed following his trial and conviction for robbery in the third degree violated his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to equal protection of the laws. "The acceptance of plea negotiation as a legitimate process, in the course of which a defendant may be discouraged from asserting trial rights and forced to choose between the certainty of leniency in return for a plea or a heavier penalty if those trial rights are asserted, involves no constitutional violation" (People v Miller, 65 NY2d 502, 510-511, cert denied 474 US 951). Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.