■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANFORD EXUM, Appellant. [616 NYS2d 670] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 24, 1992, convicting him

of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Evidence of uncharged crimes or crimes committed by a person other than the defendant is generally inadmissible because it is highly prejudicial with little probative value *(see, People v Roland,* 40 AD2d 1007). However, here the defendant opened the door by eliciting circumstances that inferred the existence of police misconduct surrounding the arrest of another person who was with the defendant when he was arrested. The People, therefore, were entitled on re-direct examination to bring out the nature of the co-arrestee's crime for the purpose of rebutting inferences of police misconduct *(see, People v Melendez,* 55 NY2d 445, 451; *People v Adams,* 198 AD2d 422, 423).

The defendant's contention that the court's charge on the issue of flight was reversible error is without merit. The defendant walked away when the police told him and two others standing nearby to stand up against a wall. He continued walking even though the police told him to stop. The defendant asserts that merely walking away as distinguished from running away, cannot constitute flight. We disagree. Flight is a form of circumstantial evidence, and as such, if the circumstances surrounding the defendant's leaving the scene are inconsistent with all reasonable hypotheses of innocence, then a flight charge is proper *(see, People v Yazum,* 13 NY2d 302, 304).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.