■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GRANT, Appellant. [651 NYS2d 564] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered September 26, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was arrested and indicted for the sale of crack cocaine. Prior to trial, a *Sandoval* hearing was held. The prosecutor sought to cross-examine the defendant, should he testify, *inter alia,* about the facts underlying a prior youthful offender adjudication which involved the possession of marihuana and cocaine. The court denied the prosecutor's application in its entirety and ruled that the defendant could not be cross-examined about his prior criminal history. However, on cross-examination of the defendant, the prosecutor asked the defendant, over objection, about his previous possession of cocaine and marihuana and whether his possession of cocaine led to a misdemeanor conviction. The court allowed the questioning. On appeal, the defendant contends that it was error to do so.

Defendants who take the witness stand, like other witnesses, place their credibility in issue and, thus, may be cross-examined about past criminal or immoral acts relevant to their credibility (*see, People v Fardan,* 82 NY2d 638, 646). The policy underlying *Sandoval* is that the accused has the right to make an informed choice concerning whether he should take the witness stand (*see, People v Fardan, supra; People v Powe,* 146 AD2d 718, 719; *People v Oglesby,* 137 AD2d 840, 841-842). Thus, in the interest of fairness, a trial court's authority to change its *Sandoval* ruling is limited once the defendant has decided to testify in good-faith reliance on the court's pretrial ruling (*see, People v Fardan, supra; People v Powe, supra; People v Oglesby, supra*). The defendant in this case was denied that right when, after making what he believed to be an informed judgment and taking the witness stand, the court changed the ruling upon which he relied. The court's ruling after the defendant had already taken the witness stand denied the defendant a fair trial (*see, People v Powe, supra; People v Astacio,* 131 AD2d 684, 685).

Contrary to the People's contention, the defendant did not open the door to questioning about his prior possession of drugs. When a defendant testifies to facts that are in conflict

with the precluded evidence, he opens the door on the issue in question, and he is properly subject to impeachment by the prosecution's use of the otherwise precluded evidence (*see, People v Fardan, supra*). The defendant's testimony that he had possessed drugs "at a time" was not misleading (*cf., People v Laguer,* 183 AD2d 485; *People v Morgan,* 171 AD2d 698, 699) or in conflict with the facts underlying the precluded youthful offender adjudication for possessing marihuana and cocaine (*see, People v Fardan, supra*).

The error was compounded by the prosecutor's improper questions regarding the charges against the defendant and the ultimate disposition of those charges. A witness may not be impeached on the basis of an accusation of prior criminal conduct (*see, People v Gottlieb,* 130 AD2d 202, 207; Prince, Richardson on Evidence § 6-409, at 397 [Farrell 11th ed]). Thus, the prosecutor should not have been permitted to ask the defendant if he recalled being charged with possessing cocaine as a felony. The prosecutor also should not have been permitted to ask the defendant if those charges were disposed of by his having pleaded guilty to a misdemeanor. The defendant did not plead guilty to a misdemeanor, but was adjudicated a youthful offender. Moreover, a youthful offender adjudication is not a conviction of a crime and may not be used for impeachment purposes by the cross examiner (*see,* Prince, Richardson on Evidence § 6-409, at 395 [Farrell 11th ed]).

Under the circumstances of this case, these errors cannot be deemed harmless (*see, People v Crimmins,* 36 NY2d 230), nor were they cured by the court's instruction to the jury that the evidence was not admitted to show the defendant's propensity to be involved with drugs. Given the lack of overwhelming evidence of the defendant's guilt and the highly prejudicial nature of the improperly admitted evidence, there is a significant probability that the jury would have acquitted the defendant had it not been for the errors that occurred at the trial (*see, People v Crimmins, supra*). Therefore, reversal is required. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.