■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER BROWN, Appellant. [658 NYS2d 334] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered March 13, 1996, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's *Ventimiglia* ruling *(see, People v Ventimiglia,* 52 NY2d 350) was proper. The bad acts committed by the defendant after the offense for which he was charged related to his consciousness of guilt *(see, People v Taylor,* 232 AD2d 293; *People v Reyes,* 162 AD2d 357). Although evidence of consciousness of guilt is weak evidence, it is admissible nonetheless *(see, People v Marin,* 65 NY2d 741, 746; *People v Reyes, supra,* at 357; *People v Warner,* 126 AD2d 788, 790).

A trial court's authority to alter its *Sandoval* ruling is

limited once the defendant takes the stand in good-faith reliance on its ruling *(see, People v Fardan,* 82 NY2d 638, 646; *People v Grant,* 234 AD2d 475; *People v Beniquez,* 215 AD2d 678, 679). Here, the trial court improperly altered its *Sandoval* ruling by permitting the prosecutor to cross-examine the defendant about his stabbing of Marie Brown. The error, however, was harmless in view of the overwhelming evidence of the defendant's guilt *(People v Crimmins,* 36 NY2d 230, 241-242) and because the matter was properly elicited on the People's direct case pursuant to the trial court's *Ventimiglia* ruling.

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852; *People v Nuccie,* 57 NY2d 818) or without merit. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.