■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES N. BLASINI, Appellant. [678 NYS2d 515] —Appeal by the defendant from a judgment of the County Court, Westchester

County (Smith, J.), rendered July 5, 1996, convicting him of manslaughter in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Trial Judge's ex parte conversation with the defendant was improper. However, her refusal to recuse herself was not an improvident exercise of discretion as there is no showing of any prejudice or bias resulting from that conversation which affected the outcome of the case (*see, People v Moreno,* 70 NY2d 403; *People v Judkins,* 210 AD2d 523; *People v Brunner,* 182 AD2d 1123; *Matter of Johnson v Hornblass,* 93 AD2d 732).

The trial court did not improvidently exercise its discretion in denying the defendant's belated request for an adjournment in order to secure the attendance of a witness. The application, made after the prosecution and defense had rested, was untimely and the defendant did not act diligently in seeking to secure the witness's attendance (*see, People v Singleton,* 41 NY2d 402; *People v Foy,* 32 NY2d 473, 478).

The defendant's contention that the court erred in instructing the jury on flight as consciousness of guilt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Elias,* 226 AD2d 474). In any event, there was sufficient evidence of flight to warrant giving the instruction to the jury (*see, People v Exum,* 208 AD2d 557). Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.