The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD KNOX, Appellant. [696 NYS2d 886] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered June 7, 1996, convicting him of manslaughter in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the sufficiency of the evidence is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Further, contrary to the defendant's contention, the sentence imposed was not excessive (see, *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MALIK, Appellant. [697 NYS2d 156] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered December 17, 1996, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

In an attempt to rob a subway token booth, the defendant and two other individuals set it on fire, killing the token clerk inside. The defendant's claim that the hearing court erred in denying that branch of his omnibus motion which was to suppress statements he made to the police because they were the fruit of an unlawful arrest and were involuntarily made is without merit. Contrary to the defendant's contentions, the police had probable cause to arrest him because one of his ac-