THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DI FONDI, Appellant. [713 NYS2d 599] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]). By failing to move to dismiss the indictment within five days of his arraignment, defendant has waived his contention that he was denied his right to testify before the Grand Jury in a timely manner and thus that the indictment should be dismissed (*see*, CPL 190.50 [5] [c]; *People v Webb*, 236 AD2d 872, 873, *lv denied* 90 NY2d 865). Although we agree with defendant that it was improper for the prosecutor to compel him to wear his jail clothing when testifying before the Grand Jury, we conclude that the curative instructions given by the prosecutor dispelled any prejudice (*see, People v Walker*, 259 AD2d 1026, 1027, *lv denied* 93 NY2d 1029; *People v Longdue*, 168 AD2d 948, *lv denied* 77 NY2d 879). Contrary to defendant's contention, the prosecutor's actions did not cumulatively impair the integrity of the Grand Jury proceedings to such a degree that defendant was prejudiced thereby (*cf., People v Tomaino*, 248 AD2d 944, 946-947).

We further conclude that County Court did not abuse its discretion in denying defendant's request for an adjournment to subpoena a witness to testify at the *Huntley* hearing. The record establishes that defendant failed to act diligently in identifying and locating that particular witness (*see, People v Singleton*, 41 NY2d 402; *People v Savareese*, 258 AD2d 484, 485, *lv denied* 93 NY2d 974, 978; *People v Blasini*, 253 AD2d 886, 887, *lv denied* 92 NY2d 1028). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.