THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD IANNONE, Appellant. [769 NYS2d 676]—

Appeal from a judgment of Oneida County Court (Dwyer, J.), entered September 12, 2002, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and grand larceny in the third degree (§ 155.35). We reject defendant's contention that the evidence is legally insufficient to support the conviction. According to the trial testimony of the victims, they reported to the police that a wall safe had been ripped from the wall of their bedroom closet and removed from their home, which was located on a dead-end street. One of their neighbors testified that she observed that a vehicle driven by a female stopped to pick up two young men walking down the dead-end street, and the neighbor provided the police with the license plate of that vehicle. That information led the police to the vehicle's owner and then to the owner's daughter, who admitted that she picked up defendant and another male on the victims' street. Thereafter, the female turned over jewelry that was identified as belonging to one of the victims. The testimony of that victim that the jewelry had a replacement value of $13,000 to $14,000 was uncontroverted at trial. Another witness testified that defendant told him that he and the other man "ripped the safe out of a wall," and they "had some jewelry to sell." Viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial (see People v Bleakley, 69 NY2d 490, 495 [1987]).

We further reject the contention of defendant that reversal is required based on the admission of hearsay evidence, in violation of his right of confrontation. County Court sustained defendant's objection to that testimony and ordered it stricken from the record, and the jury is presumed to have followed the court's instruction to disregard that testimony (*see People v Singleton,* 270 AD2d 190 [2000], *lv denied* 95 NY2d 858 [2000]). Also without merit is defendant's contention that one of the People's witnesses, to whom stolen property was offered, was an accomplice and that the testimony of that witness therefore had to be corroborated. There was no evidence that the witness aided in the commission of the crime, and a mere receiver of stolen property is not an accomplice to the thief (*see People v Brooks,* 34 NY2d 475, 479-480 [1974]; *People v Torres,* 160 AD2d 746, 747 [1990], *lv denied* 76 NY2d 897 [1990]; *People v Lyon,* 134 AD2d 909, 909-910 [1987], *lv denied* 71 NY2d 970 [1988]).

We also reject defendant's contention that the court erred in permitting testimony relating to the fact that a reluctant prosecution witness had been threatened prior to trial. Where, as here, there is some evidence connecting defendant to those threats, testimony concerning the threats is admissible on the issue of consciousness of guilt (*see People v Wang,* 140 AD2d 567, 570 [1988], *lv denied* 72 NY2d 926 [1988]; *see also People v Warner,* 126 AD2d 788, 790 [1987], *lv denied* 69 NY2d 887 [1987]). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.