THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PEREZ, Appellant. [837 NYS2d 275]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered June 22, 2005, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The Supreme Court erred in modifying its pretrial *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) in the middle of the trial to permit the defendant to be cross-examined on the issue of his immigration status (*see People v Duggins,* 1 AD3d 450, 450-451 [2003], *affd* 3 NY3d 522 [2004]; *People v Jones,* 278 AD2d 246 [2000]; *People v Grant,* 234 AD2d 475 [1996]; *see generally People v Fardan,* 82 NY2d 638, 646 [1993]). In the circumstances of this case, the prejudice to the defendant from the Supreme Court's reversal of the *Sandoval* ruling is patent whether or not the defendant had already taken the stand when the reversal was made. Neither the defendant nor any defense witness "opened the door" to the issue of the defendant's immigration status. As the evidence of the defendant's guilt was less than overwhelming, this error cannot be deemed harmless (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Jones, supra* at 248; *People v Grant, supra* at 475-476; *cf. People v Duggins, supra* at 450-451, 453-455 [dissenting opinion]).

Insofar as the defendant was precluded from recalling as a witness a detective who testified on the People's case, or, in the alternative, to have admitted into evidence certain police reports, the defendant was deprived of his constitutional right to present a defense (*see generally People v Ocampo,* 28 AD3d 684, 685 [2006]). The defendant's offer of proof established that the proposed testimony would impeach the credibility of a witness for the prosecution on a material issue in the case, not, as the People now assert, on a collateral matter (*cf. People v Carroll,* 95 NY2d 375, 386 [2000]; *People v Ferguson,* 15 AD3d 675, 676 [2005]; *People v Wilson,* 297 AD2d 298, 299 [2002]; *People v Bartello,* 243 AD2d 483, 484 [1997]; *People v Johnson,* 143 AD2d 847, 848 [1988]). Again, in light of the less than overwhelming evidence of the defendant's guilt, the error cannot be deemed harmless (*see People v Crimmins, supra*).

The defendant's contention that the trial court erred in precluding evidence that he sustained certain injuries in defending himself from the complainant is without merit. The

defendant's remaining contention concerning the length of the sentence need not be reached in light of our determination. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.