■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY BREWER, Appellant. [871 NYS2d 672]—

Appeal by the defendant from a judgment of the County

Court, Westchester County (Walker, J.), rendered June 23, 2004, convicting him of sodomy in the first degree, assault in the second degree, menacing in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, as the People correctly concede, the defendant is entitled to a new trial based upon the denial of his application to recall the complainant, since the defendant sought to impeach the complainant's credibility on a material issue in the case, rather than on a purely collateral matter (*see People v Perez*, 40 AD3d 1131 [2007]; *cf. People v Israel*, 161 AD2d 730 [1990]). Under the circumstances of this case, the error cannot be deemed harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Perez*, 40 AD3d 1131 [2007]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.