Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered July 8, 2011, convicting him of endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, the conviction of endangering the welfare of a child, as charged in count five of the indictment, and the sentence imposed thereon, are vacated, that count of the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on count six of the indictment, charging the defendant with endangering the welfare of child.
The defendant, a 36-year-old high school English teacher, was charged, inter alia, with rape in the third degree (statutory rape), criminal sexual act in the third degree, and two counts of endangering the welfare of a child, based on allegations that he had sex with, and engaged in inappropriate phone conversations with, the complainant, who was then a 16-year-old student of his. After a trial, the jury acquitted the defendant of rape in the third degree and criminal sexual act in the third degree, but convicted him of both counts of endangering the welfare of a child.
*869 The defendant contends that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt of endangering the welfare of a child, as charged in counts five and six of the indictment. His contention with respect to count five of the indictment is unpreserved for appellate review (see GPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish, beyond a reasonable doubt, the defendant’s guilt of endangering the welfare of a child under both counts. Moreover, upon our independent review pursuant to GPL 470.15 (5), we are satisfied that the verdict of guilt of endangering the welfare of a child, as charged in count six of the indictment, was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
However, with respect to the count five of the indictment, charging the defendant with endangering the welfare of a child in violation of Penal Law § 260.10 (1), we find that the verdict of guilt was against the weight of the evidence. “ [W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the [trier of fact] was justified in finding the defendant guilty beyond a reasonable doubt’ ” (People v Madison, 61 AD3d 777, 778 [2009], quoting People v Danielson, 9 NY3d 342, 348 [2007]).
Under the circumstances presented here, an acquittal on count five of the indictment would not have been unreasonable and, further, the verdict of guilt on that count was against the weight of the credible evidence (see People v Zephyrin, 52 AD3d 543 [2008]). In conducting our weight of the evidence review, we consider the jury’s acquittal on other counts, and, under the circumstances of this case, find it supportive of a reversal of the conviction of count five of the indictment (see People v Otway, 71 AD3d 1052, 1054 [2010]; People v Franco, 11 AD3d 710, 711 [2004]). Here, the defendant was charged with, but acquitted of, rape in the third degree and criminal sexual act in the third degree, and the alleged conduct that formed the basis of those charges was essentially the same alleged conduct that formed the basis of count five. Once the jury discredited the complainant’s testimony with respect to the charges of rape and criminal sexual act, the record was devoid of any evidence that the defendant “knowingly act[ed] in a manner likely to be injurious to *870 the physical, mental or moral welfare of a child less than seventeen years old” (Penal Law § 260.10 [1]), as charged in count five of the indictment. Accordingly, the conviction of endangering the welfare of a child, as charged in count five of the indictment, and the sentence imposed thereon, must be vacated, and that count of the indictment must be dismissed.
Furthermore, a new trial is required on count six of the indictment, charging endangering the welfare of a child (see Penal Law § 260.10 [1]), based on allegations that the defendant masturbated and described sexual acts over the phone with the complainant, since the cumulative effect of certain trial errors deprived the defendant of a fair trial (see People v Maier, 77 AD3d 681, 682 [2010]; People v Roll, 1 AD3d 617 [2003]).
Prior to trial, the People sought to introduce evidence of four allegations made by former students of the defendant, based on events that occurred when he taught at a school in the Bronx in 1996. Specifically, the People sought to introduce evidence of allegations that the defendant (1) told one student to stand at his desk and state, “I’m a punk and fat,” (2) told one of his female students to “kiss a boy for his birthday,” (3) told another female student to “massage” a boy’s shoulders, and (4) told another student to go home, “sit in his house and play with himself.” These allegations resulted in the termination of the defendant’s employment at the Bronx school. In a Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]), the trial court precluded questioning into those prior allegations if the defendant testified, unless the defendant opened the door to such questioning.
Prior to the defendant taking the stand, defense counsel asked for clarification as to whether a particular question would open the door to cross-examination concerning the 1996 allegations. Defense counsel wished to ask the defendant if he had ever been accused of having an “inappropriate sexual relationship” with a student prior to the instant allegations. Following a discussion on this issue, the trial court indicated that the question would not open the door to cross-examination concerning the 1996 allegations.
During the defendant’s direct testimony, defense counsel asked him, “other than this case have you ever been accused of acting inappropriately in a sexual way towards a student of yours?” The defendant replied “no.” Prior to the cross-examination of the defendant, the People argued that the defense counsel opened the door to cross-examination concerning the 1996 allegations. The trial court agreed, and permitted inquiry into the 1996 allegations, finding that the question *871 askéd by defense counsel, “paint[ed] [the defendant] in a light that he has never had a problem with students.” The court maintained, however, that the People could not ask the defendant if his employment was terminated as a result of the allegations. On cross-examination, the defendant was asked if he made the above-described statements. The defendant denied making the statements, but acknowledged that he was accused of making the statements. The prosecutor then asked if the defendant recalled receiving a letter on January 26, 1996, “from the principal of the Junior High School 145 informing you — ,” but the court cut off the prosecutor’s question, and instructed the jury to disregard it.
The purpose of a Sandoval hearing is to provide the defendant with “definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected,” so that the defendant can decide whether to take the witness stand (People v Sandoval, 34 NY2d at 375). In the interest of fairness, a trial court’s authority to change its Sandoval ruling is limited once the defendant has decided to testify in good faith reliance on that ruling (see People v Fardan, 82 NY2d 638, 646 [1993]; People v Grant, 234 AD2d 475, 475 [1996]). “When a defendant testifies to facts that are in conflict with the precluded evidence, he opens the door on the issue in question, and he is properly subject to impeachment by the prosecution’s use of the otherwise precluded evidence” (People v Grant, 234 AD2d at 475-476; see People v Fardan, 82 NY2d at 646).
Here, the trial court’s determination that the defendant opened the door to cross-examination concerning the 1996 allegations constituted error. Defense counsel confirmed with the court that he could ask the defendant if he was ever previously accused of having an “inappropriate sexual relationship” with a student, without opening the door to cross-examination concerning the 1996 allegations. The question actually asked by the defense counsel — whether the defendant had “ever been accused of acting inappropriately in a sexual way towards a student” — was not so substantially different from the question approved by the court so as to open the door to an inquiry into the highly prejudicial 1996 allegations. Furthermore, the defendant’s response to the question posed by defense counsel was not misleading with respect to his prior conduct, as his prior conduct merely involved allegations of statements made by the defendant, not inappropriate sexual conduct (see People v Wright, 260 AD2d 935, 937-938 [1999]; People v Grant, 234 AD2d at 476). Moreover, the record reveals that defense counsel asked the question in good faith reliance on the court’s ruling. Under *872 these circumstances, it was error for the court to allow questioning into the irrelevant and highly prejudicial 1996 allegations (see People v Brown, 239 AD2d 429, 430 [1997]).
The trial court also erred in granting the People’s application to preclude defense counsel from asking the complainant about statements she made, which indicated that she had sex with the defendant’s brother. A woman’s character or reputation for chastity is irrelevant to a charge that she was sexually abused (see People v Jovanovic, 263 AD2d 182, 193 [1999]). Thus, the Rape Shield Law, codified in CPL 60.42, provides that “Evidence of a victim’s sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the penal law [i.e., sex offenses].” CPL 60.42 also provides five statutory exceptions. The first four exceptions allow the admission into evidence of a complainant’s prior sexual conduct in narrowly defined factual circumstances, which are inapplicable here (see People v Williams, 81 NY2d 303, 311 [1993]). The fifth exception, however, “vestís] discretion in the trial court” (id. at 311). Pursuant to CPL 60.42 (5), evidence of a victim’s prior sexual conduct may be introduced upon a determination by the court that such evidence is “relevant and admissible in the interests of justice” (CPL 60.42 [5]; see People v Scott, 16 NY3d 589, 594 [2011]). The Court of Appeals has recognized that, “in the interests of justice,” evidence of a complainant’s sexual conduct may be admissible if it is relevant to a defense (People v Scott, 16 NY3d at 594). In contrast, such evidence must be precluded if it does not tend to establish a defense to the crime, and will only harass the victim and possibly confuse the jurors (see id.).
Here, according to an investigative report prepared by the complainant’s school, the complainant made a statement to a friend allegedly acknowledging that she had sex with the defendant and the defendant’s brother, but the complainant later told the police that she had sex only with the defendant and not the defendant’s brother. These statements are relevant to the defense that the phone calls and text messages made to the complainant were actually made by the defendant’s brother, who was in possession of the defendant’s cell phone. The defendant testified at trial that he had given his brother his cell phone, and that he never used his phone to call the complainant. Thus, the defendant did not seek to introduce the complainant’s statements to demonstrate her “unchastity” and, therefore, impugn her character (see People v Jovanovic, 263 AD2d at 197). Rather, the statements are relevant to, and would support the defense that, the phone calls and text messages *873 were made between the defendant’s brother and the complainant. Therefore, the complainant’s statements allegedly acknowledging that she had sex with the defendant’s brother should have been admitted pursuant to CPL 60.42 (5), since they were relevant to a defense, and were not offered for an improper purpose (see People v Jovanovic, 263 AD2d at 197).
Furthermore, the trial court improperly precluded the defendant from presenting character witnesses who would have testified to the defendant’s reputation for honesty (see People v Howie, 210 AD2d 255, 256 [1994]). The defendant took the stand and essentially denied that he had sex with the complainant or engaged in inappropriate phone conversations with her. Thus, the defendant’s credibility was squarely at issue.
As the evidence of the defendant’s guilt of endangering the welfare of a child, as charged in count six of the indictment, was less than overwhelming, these errors cannot be deemed harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
In light of our determination, we need not reach the defendant’s remaining contention. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.