People v Liston (2024 NY Slip Op 02066)

People v Liston

2024 NY Slip Op 02066

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-08834
 (Ind. No. 9957/17)

[*1]The People of the State of New York, respondent,
v
Alexis Liston, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered July 9, 2019, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.
In December 2017, the 14-year-old complainant informed her mother that she had been molested by the defendant, who was their landlord's son and lived in their apartment building. Thereafter, the defendant was charged by indictment, inter alia, with one count of rape in the second degree, four counts of rape in the third degree, four counts of forcible touching, and one count of endangering the welfare of a child. The defendant was convicted, after a jury trial, of endangering the welfare of a child but was acquitted of all other charges. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of endangering the welfare of a child beyond a reasonable doubt.
However, the verdict was against the weight of the evidence (see People v Fisher, 104 AD3d 868, 869). "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable" (People v Danielson, 9 NY3d 342, 348). If an acquittal would not have been unreasonable, then "the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (id.). "Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (id.). In conducting a weight of the evidence review, the Appellate Division serves as a "second jury" (People v Delamota, 18 NY3d 107, 117) and "decides which facts were proven at trial" (People v Danielson, 9 NY3d at 348).
Under the circumstances presented here, an acquittal on the count of endangering the [*2]welfare of a child would not have been unreasonable, and, further, the verdict of guilt was against the weight of the evidence (see People v Fisher, 104 AD3d at 869). In conducting our weight of the evidence review, we consider the jury's acquittal on other counts, and, under the circumstances of this case, find the jury's acquittal on the other counts supportive of a reversal of the conviction on the count of endangering the welfare of a child (see People v Fisher, 104 AD3d at 869; People v Otway, 71 AD3d 1052, 1054). Here, the defendant was charged with, but acquitted of, rape in the second degree, rape in the third degree, and forcible touching, and the alleged conduct that formed the basis of those charges was essentially the same alleged conduct that formed the basis of the charge of endangering the welfare of a child. Once the jury discredited the complainant's testimony with respect to the charges of rape and forcible touching, the record was devoid of any evidence that the defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10[1]), as charged on the count of endangering the welfare of a child.
The People's remaining contention is without merit.
Accordingly, we reverse the judgment, dismiss the indictment, and remit the matter to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court