THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of WILLIAM McCARREN, Respondent, *v.* CHRISTENSEN & WEISS, INC., Appellant.

Second Department, April 5, 1937.

*Frederic R. Sanborn*, for the appellant.

*George F. Palmer, Jr., Assistant District Attorney [William F. X. Geoghan, District Attorney*, with him on the brief], for the respondent.

HAGARTY, J. Appellant was the owner of a commercial truck bearing license plates issued under its registration as a dealer in motor vehicles. Appellant loaned the truck, which was a " demonstrator," to one Preite as an incident to the possible sale of it to him. Preite thereupon rented the truck to a paint concern at the rate of eight dollars a day and turned over to the paint concern a dealer's registration certificate issued in the name of appellant and corresponding to the license plates attached to the truck. On the 9th day of October, 1936, the truck was being operated in pursuance of the paint concern's business by one Gondek, its employee. There is some confusion in the record as to the length of time the truck had been so let by Preite, but it was for a period of at least four days.

Subdivision 1 of section 11, article 3, of the Vehicle and Traffic Law, in so far as material, reads:

" § 11. Registration of motor vehicles; fees; renewals. 1. Registration by owners. No motor vehicle shall be operated or driven upon the public highways of this State without first being registered in accordance with the provisions of this article, except as otherwise expressly provided in this chapter."

Concededly, the motor vehicle had not been registered in accordance with the provisions of article 3, but the appellant contends that the truck was within the exceptions set forth in section 62 of article 5 of the Vehicle and Traffic Law. Subdivision 1 of section

62 provides that dealers, among others, may apply to the Commissioner for registration under that section. But the right to operate a motor vehicle by the use of such registration and number plates issued thereunder is limited by subdivision 3 of that section, viz.:

" 3. Use. Registration and number plates issued under this section shall be used only for the limited operation of vehicles owned or controlled by the registrant for the purpose of weighing, testing, demonstrating or delivering the same or for the purpose of moving such vehicles in connection with making installations thereon or improvements thereto, except as provided in the following section and except that a dealer in motor vehicles, motor cycles or trailers shall be permitted to use such registration in the operation of any vehicle owned or controlled by him and held for sale or demonstration except a vehicle maintained primarily for towing or for transporting property, a vehicle rented to another or a vehicle used to transport passengers for hire."

It thus appears, as an exception to an exception, that " a vehicle maintained primarily for towing or for transporting property, a vehicle rented' to another or a vehicle used to transport passengers for hire " may not be operated with number plates issued to a dealer. The appellant's interpretation of these quoted exceptions is that they relate solely to vehicles owned and maintained by the dealer and used by him, not for sale or demonstration, but for such excepted purposes. But the statute provides that such prohibited uses are exceptions as to vehicles held by him " for sale or demonstration." The adoption of the appellant's contention would result in a construction permitting the dealer to lend his motor vehicles under the guise of " demonstration " for any conceivable use and purpose and for any length of time, thus enabling the recipient to operate with number plates that cost but a nominal fee (Vehicle and Traffic Law, § 62, subd. 1), whereas the ordinary license plates under article 3 cost at the rate of eighty cents for each one hundred pounds of weight of a truck (Vehicle and Traffic Law, § 11, subd. 7, ¶ D). I am of opinion, as stated, that the proper construction of subdivision 3 of section 62 of the Vehicle and Traffic Law is that, regardless of the individual in whose hands the motor vehicle may be, it cannot be used with dealer's plates for the prohibited purposes.

The appellant received no part of the hire paid to Preite for the truck which it had turned over to Preite, but it was conceded by it that " We knew that Mr. Preite was in the trucking business and we knew that he was going to use it [the truck in question] for the trucking business, because we wanted to unload the demonstrator as a new demonstrator." And again: " We were under the impression,

or, at least, I [defendant's president] was under the impression, he [Preite] was using it in the trucking business, and being we have had business dealings with Mr. Preite heretofore, well, I thought he was a reliable man, that we could afford to let him have it."

Thus, there is a frank admission by the dealer that, at the time the truck was turned over to Preite, it knew it was to be used in the ordinary course of the latter's trucking business. It knew it was to be used primarily for transportation purposes, one of the prohibited uses expressed in the aforesaid subdivision. In view of the undisputed nature of Preite's business, the trial court was justified in finding, particularly in the absence of disclaimer, that the appellant knew that Preite would let out the truck for hire.

Section 62 of the Vehicle and Traffic Law is to be construed in a reasonable way. If, as an incident to demonstration, the use to which the vehicle is put is in furtherance of the customer's business, I am of opinion that the use of dealer's plates is legal. But, on the other hand, when the vehicle is not being used for demonstration purposes, but for ordinary commercial purposes, then dealer's plates may not be used.

Under the circumstances, there was a violation of section 11, subdivision 1, of the Vehicle and Traffic Law, for the use of the dealer's plates did not constitute a legal exception within the meaning of that section.

Although the fine imposed of one hundred dollars is not excessive as a matter of law (Vehicle and Traffic Law, § 70, subd. 10), in view of the fact that the appellant received no part of the proceeds of the rental and was apparently misled, with some degree of justification, as to the meaning of section 62 of the Vehicle and Traffic Law, I am of opinion that the fine should be reduced to the sum of twenty-five dollars.

The judgment should be modified by reducing the fine to the sum of twenty-five dollars, and as so modified affirmed.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Judgment by a city magistrate holding, by consent, a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of a violation of section 11, subdivision 1, of the Vehicle and Traffic Law and imposing a fine of $100, modified by reducing the fine to the sum of twenty-five dollars, and as so modified unanimously affirmed.