■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GIOCASTRO, Appellant. [619 NYS2d 354] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered September 17, 1993, convicting him of robbery in the first degree, robbery in the second degree, and petit larceny, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of robbing a taxicab driver after the defendant and an unapprehended accomplice were driven as passengers to a desolate area at night. In this single eyewitness case, in which the record is barren of any other evidence connecting the defendant to the crime, a review of the complainant's testimony reveals that he did not have a good opportunity to view the perpetrator at the time of the crime, and that his degree of attention towards the perpetrator was not high. Additionally, the complainant's description of the perpetrator did not accurately describe the defendant, and his level of certainty at the initial police identification procedure was, by the complainant's own admission, only "80%". Further, there was evidence that the complainant was under pressure by his employer to prosecute this case upon

pain of losing his job, and that the complainant had offered to drop the charges in return for money. The length of time between the crime and the police lineup was almost two months, and during the trial the complainant hesitated in identifying the defendant in court. The complainant, who had testified that the perpetrator weighed 175 or 180 pounds, stated at trial that the defendant looked much thinner than he had remembered. This contrasted with credible evidence at trial that the defendant had never weighed more than 125 pounds. In addition, the defendant had no prior criminal record, was a high school graduate with a part-time job, was engaged to be married, and had a stable family history. He presented a character witness who had known him since he was a child, and presented a credible alibi defense.

These factors, when examined individually, do not warrant reversal of the defendant's conviction. In addition, the evidence when viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. However, based on the totality of the factors discussed above, we conclude that the verdict is against the weight of the evidence. We have a reasonable doubt and hold that the risk of misidentification is too great to allow the conviction to stand *(see, People v Crum,* 272 NY 348). Accordingly, we reverse the judgment of conviction and dismiss the indictment.

In light of our determination, we need not reach the defendant's other contentions. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.