THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENATO FRANCO, Appellant. [784 NYS2d 133]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered December 21, 2001, convicting him of endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The indictment charged the defendant with 36 counts of various sexual offenses relating to allegations that he raped, sexually abused, and sodomized his 12-year-old stepdaughter numerous times between May 2000 and August 2000. The 37th count of the indictment charged the defendant with endangering the welfare of a child "in that he subjected the victim to sexual contact" during this same time period. At the close of the People's case, the defense moved to dismiss the indictment on the ground that the complainant's testimony "as to the dates and times" was confusing. The court granted this motion, in part, dismissing, without opposition, 27 of the sexual offense counts for failure to establish a prima facie case. After a nonjury trial, the defendant was acquitted of all of the remaining charges except the 37th count charging him with endangering the welfare of a child.

It is clear that the trial court acquitted the defendant of the nine remaining sex offenses based on the credibility of the witnesses. The complainant testified that she was continually subjected to vaginal and anal intercourse. Yet the medical evidence showed that she had an intact hymen with one discontinuity, and an anal opening that is normal and has no scarring, fis-

sures, or lesions. All of the experts agreed that the complainant did not have a "marital hymen," and the defense expert testified that her physical condition was inconsistent with that of a young girl who had been repeatedly penetrated anally and vaginally by an adult male.

The only other evidence that could possibly have formed the basis for the verdict was the complainant's testimony that the defendant placed her mouth on his penis, and police testimony that he admitted to sleeping "like spoons" with her. We conclude that a verdict based upon the alleged oral sodomy was against the weight of the evidence (*see* CPL 470.15 [5]), and there was no credible evidence to support a finding that the defendant otherwise subjected the complainant to "sexual contact" as required to convict him of the count of endangering the welfare of a child (*cf. Matter of A.G.,* 253 AD2d 318 [1999]). Once the trial court discredited the complainant's testimony, the record was devoid of any evidence that the defendant made contact with the complainant "for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.