■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD W. ZEPHYRIN, Appellant. [860 NYS2d 149]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Morgenstern, J.), rendered January 2, 2007, convicting him of attempted assault in the third degree, attempted endangering the welfare of a child, and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

However, upon the exercise of factual review power (*see* CPL 470.15), we find that the convictions are against the weight of the evidence. Although the defendant was convicted after a nonjury trial, the appropriate standard for evaluating his weight of the evidence argument is the same, regardless of whether the factfinder was a judge or jury (*see People v Lane*, 7 NY3d 888 [2006]). Thus, we must first determine, based upon the credible evidence, whether a different result would have been unreasonable, and if it would not have been, then we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]).

Applying that standard of review, we determine firstly, that an acquittal on all charges would not have been unreasonable based upon the evidence presented, and secondly, that the trial court failed to accord the evidence the weight it should have been accorded (*see People v Romero*, 7 NY3d 633 [2006]). The

testimony of the complainant, the defendant's wife, was contradictory and incredible. Moreover, the complainant's account at trial of what had occurred was not consistent with what she told police officers on the day of the incident. Since there was no evidence to support the defendant's convictions other than the testimony of the complainant, and her testimony not only lacked credibility, but also was contradicted by the testimony of the impartial police officers who were at the scene of the incident, we reverse the conviction as against the weight of the evidence (*see People v Giocastro*, 210 AD2d 254 [1994]). Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.