THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON MADISON, Appellant. [877 NYS2d 173]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 20, 2004, convicting him of sexual abuse in the third degree (two counts) and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The 11-count indictment alleged that the defendant, inter alia, raped and sexually abused the two teenage complainants on separate occasions. The two complainants were friends of

the defendant's younger sister. Both complainants admitted at trial that they intentionally cut themselves with sharp objects, and there was testimony that they had, on occasion, done so in the defendant's home. The defendant's mother testified that, on or about November 4, 2003, she reported to the school authorities that the first complainant cut herself and, on November 7, 2003, she told the second complainant's mother about the cutting. After this, the defendant's mother began receiving telephone calls from the complainants, who accused her of reporting their behavior to Child Protective Services and made threats against her and her family. On November 24, 2003 the first complainant reported to the police that she had been sexually assaulted by the defendant sometime between August 2003 and September 2003. On December 4, 2003 the second complainant brutally attacked the defendant's younger sister at school and was arrested. Once in custody, she told the police that the defendant had sexually assaulted her on two occasions in November 2003.

At trial, the complainants gave the only testimony that the alleged sexual assaults had been committed. Neither account was corroborated by other testimony or physical evidence. The defendant took the stand and denied the allegations. The defense also introduced evidence that the first complainant told another teenager during an "instant messenger" conversation that she had attempted to get the second complainant to join her in fabricating rape allegations against the defendant as an alternative to attacking his sister.

After a nonjury trial, the defendant was acquitted on all counts relating to the second complainant. With respect to the counts relating to the first complainant, the defendant was acquitted of rape in the second degree (*see* Penal Law § 130.30 [1]), but found guilty of sexual abuse in the third degree (two counts) (*see* Penal Law § 130.55) and endangering the welfare of a minor (*see* Penal Law § 260.10 [1]). This appeal ensued.

Upon the exercise of our independent factual review power (*see* CPL 470.15 [5]), we find that the verdict of guilt was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the [trier of fact] was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson,* 9 NY3d 342, 348 [2007]; *see People v Bleakley,* 69

NY2d 490 [1987]; *People v Bornhoeft,* 53 AD3d 666 [2008]). "[T]he appropriate standard for evaluating [a] weight of the evidence argument is the same, regardless of whether the fact finder was a judge or jury" (*People v Zephyrin,* 52 AD3d 543, 543 [2008]). Under the circumstances here, we find that an acquittal would not have been unreasonable and further find that the weight of the credible evidence was against the verdict (*cf. People v Zephyrin,* 52 AD3d at 543-544; *People v Franco,* 11 AD3d 710 [2004]). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.