THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELBERT OTWAY, Appellant. [897 NYS2d 236]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered November 28, 2007, convicting him of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the defendant's conviction of course of sexual conduct against a child in the first degree, in violation of Penal Law § 130.75 (1) (a), as charged in count one of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted of endangering the welfare of a child and two counts of course of sexual conduct against a child in the first degree. One count of course of sexual conduct against a child alleged a violation of Penal Law § 130.75 (1) (a), which requires that the defendant engage in a certain number and type of sexual acts with a child less than 11 years old, while the other count charging that offense alleged a violation of Penal Law § 130.75 (1) (b), which requires that the defendant, being 18 years old or more, engage in such acts with a child less than 13 years old. The defendant also was charged with, but acquitted of, 7 counts of sodomy in the second degree, 25 counts of sexual misconduct, 21 counts of sexual abuse in the second degree, 9 counts of rape in the third degree, 27 counts of sexual abuse in the third degree, and an additional count of endangering the welfare of a child was dismissed prior to trial.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on all three counts of which he was convicted. Moreover, upon the exercise of our independent factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt on the counts charging endangering the welfare of a child and course of sexual conduct against a child in violation of Penal Law § 130.75 (1) (b) was not against the weight of the evidence.

However, with respect to the count charging course of sexual conduct against a child in violation of Penal Law § 130.75 (1) (a), we find that the verdict of guilt was against the weight of the evidence. " '[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the [trier of fact] was justified in finding the defendant guilty beyond a reasonable doubt' " (*People v Madison*, 61 AD3d 777, 778 [2009], quoting *People v Danielson*, 9 NY3d 342, 348 [2007]).

Under the circumstances here, we find that an acquittal on the count charging a violation of Penal Law § 130.75 (1) (a)

would not have been unreasonable and, further, that the weight of the credible evidence was against the verdict of guilt on that count (*see People v Zephyrin*, 52 AD3d 543 [2008]). While we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]), here, the testimony of the prosecution's witnesses did not justify the jury's finding that the defendant was guilty under Penal Law § 130.75 (1) (a). The complainant testified that the defendant began engaging in oral sex with her when she was "[p]robably [10] or 11, something like that." That testimony did not justify the jury's finding that at least some portion of the alleged course of sexual conduct occurred when the complainant was less than 11 years of age. Nor did the People establish that fact through any other testimony or any medical or documentary evidence.

Unlike *People v Velez* (212 AD2d 819 [1995]), here, the complainant's trial testimony concerning the acts that allegedly occurred when she was less than 11 years old was not detailed, and the jury was not justified in finding that the alleged incidents took place at specific times and dates prior to the complainant's 11th birthday. There was no corroboration by others of those alleged acts, although most of the alleged sexual assaults occurred when other sleeping individuals, including siblings of the complainant or the complainant's mother, were present in the same room. However, with respect to the acts committed after the complainant turned 11 and before she turned 13, the People presented corroborative proof concerning the complainant's failing grades and inability to focus, but no such proof was offered with respect to the acts allegedly committed before the complainant was 11 years old.

In conducting our weight of the evidence review, we consider the jury's acquittal on other counts, and, under the circumstances of this case, find it supportive of a reversal of the conviction of course of sexual conduct against a child in the first degree under Penal Law § 130.75 (1) (a) (*see People v Rayam*, 94 NY2d 557 [2000]; *People v Ross*, 62 AD3d 619 [2009]; *People v Johnson*, 250 AD2d 1026 [1998]). Here, the defendant was charged with but acquitted of 7 counts of sodomy in the second degree, 25 counts of sexual misconduct, 21 counts of sexual abuse in the second degree, 9 counts of rape in the third degree, 27 counts of sexual abuse in the third degree, with an additional count of endangering the welfare of a child dismissed prior to trial, which calls into question the credibility of the complainant. Since there was no medical evidence or proof of social maladjustment

to support the allegation that sexual acts occurred before the complainant was 11 years old, the conviction rested solely on the credibility of the complainant, and her testimony was inconsistent and not definite as to specific acts or times of the alleged sexual assaults.

The defendant's double jeopardy claim is unpreserved for appellate review and, in any event, is without merit (*see People v Biggs*, 1 NY3d 225 [2003], *cert denied* 555 US —, 129 S Ct 1326 [2009]; *People v Beauharnois*, 64 AD3d 996 [2009], *lv denied* 13 NY3d 834 [2009]).

In light of our determination, we need not reach the defendant's remaining contentions. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.