■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVARISTO J. GONZALEZ, Appellant. [925 NYS2d 522]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered April 26, 2010, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The indictment charged the defendant with two counts of criminal sexual act in the third degree, one count of incest in the third degree, and one count of endangering the welfare of a child. All of the charges were premised upon allegations by the complainant, the defendant's niece, that he performed oral sex upon her. Following a jury trial, the defendant was acquitted of the first three counts and convicted of the fourth count, endangering the welfare of a child.

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we find that the conviction is against the weight of the evidence. " '[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the [trier of fact] was justified in finding the defendant guilty beyond a reasonable doubt' " (*People v Madison*, 61 AD3d 777, 778 [2009], quoting *People v Danielson*, 9 NY3d 342, 348 [2007]).

Applying that standard of review, an acquittal on all charges would not have been unreasonable based upon the evidence presented. Moreover, the jury failed to accord the evidence the weight it should have been accorded (*see People v Romero*, 7 NY3d 633 [2006]). It is clear that the jury acquitted the defendant with respect to the first three counts based on its determination that the complainant's testimony regarding the defendant's conduct was not credible. Since there was no evidence to support the defendant's conviction of endangering the welfare of a child other than the testimony of the complainant, we reverse that conviction as against the weight of the evidence (*see People v Otway*, 71 AD3d 1052, 1053-1054 [2010]; *People v Madison*, 61 AD3d 777 [2009]; *People v Zephyrin*, 52 AD3d 543 [2008]; *People v Franco*, 11 AD3d 710 [2004]).

The defendant's remaining contentions have been rendered academic in light of our determination. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.