OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the facts, and the accusatory instrument is dismissed.
Defendant was charged with endangering the welfare of a child (Penal Law § 260.10 [1]). The accusatory instrument provides, in pertinent part, as follows: “THE DEFENDANT, AT NORTHPORT MIDDLE SCHOOL ... ON OR ABOUT APRIL 25, 2013, AT APPROXIMATELY 8:20 A.M., DID FORCIBLY GRAB A JUVENILE STUDENT, SHOOK HER AND YELLED INTO HER FACE AT CLOSE PROXIMITY IN SUM AND SUBSTANCE, YOU HAVE TO LISTEN TO ME. YOU CAN’T RUN AWAY FROM ME.’ ”
At a nonjury trial, the principal of the middle school at which defendant had worked as a tenured teaching assistant testified that, eight months prior to the incident, he had chosen to pair defendant with the complainant, a 12-year-old, autistic, nonverbal girl with hip dysplasia, an impaired gait, cerebral palsy and an IQ of 40, because he thought that she was “a good fit.” It was uncontroverted that the complainant required adult supervision while walking and that she could understand simple, direct, commands. The principal further testified that when he had first observed the complainant on the day of the incident, she had already entered the school through the first set of double doors and that defendant was behind her. He then observed defendant grab the complainant’s biceps with both her hands, and turn the complainant towards her so that they were facing each other nose-to-nose, but their noses were not touching. Defendant then shook the complainant whose legs “came out from under her”—but the complainant did not fall because she was held up by defendant—and defendant yelled at the complainant “stay with me, you can’t run away from me,” all of which lasted about three seconds. The *57 complainant did not scream, or make any sounds, during this incident. It is noted that the principal testified that the complainant could have been knocked over if she had joined the large group of moving students who were rapidly leaving the cafeteria.
Defendant testified that, on the day of the incident, while she was helping the complainant exit the school bus at the start of the school day, she was distracted by the bus matron, who handed her the complainant’s backpack. While defendant was distracted, the complainant moved away from defendant and entered into the school building, which was at about the same time the school bell rang, which signaled to the students that they could leave the cafeteria. Typically, the students would exit the cafeteria rapidly in a large group and would push each other. Defendant testified that she had to walk fast to catch up to the complainant, whom she wanted to reach before the complainant reached the large group of students who were leaving the cafeteria. Defendant stated that she wanted to “keep [the complainant] from being trampled by other kids,” to keep her safe. She “was trying to protect [the complainant] from getting into the mix of all those students and getting pushed and knocked down and getting lost.” Since defendant thought that it was an emergency situation, she felt that it was necessary for her to grab the complainant, after which she told the complainant, “You can’t run away from me like that. You have to stay with me.” Although defendant spoke loudly to the complainant, she did not yell at or shake the complainant, and she did not lift the complainant up off of the floor, which she could not do, in any event, because the complainant was too heavy.
Following the trial, the District Court found defendant guilty as charged.
Defendant’s contention regarding the legal sufficiency of the evidence is unpreserved for appellate review since, at trial, she failed to raise the specific argument she now makes on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). Nevertheless, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we find that the verdict convicting defendant of endangering the welfare of a child was against the weight of the evidence.
In order to be convicted of endangering the welfare of a child (Penal Law § 260.10 [1]), the People had to prove, beyond a *58 reasonable doubt, that defendant “knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.” Penal Law § 15.05 (2) provides that “[a] person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.” We have weighed “the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People v Zephyrin, 52 AD3d 543, 543 [2008] [internal quotation marks and citation omitted]) and “determine firstly, that an acquittal . . . would not have been unreasonable based upon the evidence presented, and secondly, that the trial court failed to accord the evidence the weight it should have been accorded” (id.; see People v Danielson, 9 NY3d at 348), as the weight of the evidence did not establish that defendant “knowingly act[ed] in a manner [that was] likely to be injurious to the physical, mental or moral welfare” of the complainant (Penal Law § 260.10 [1]).
We pass on no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Maraño, P.J., Iannacci and Garguilo, JJ., concur.