The People of the State of New York, Respondent,
against
Donald E. Benjamin, Appellant.



Appeal from a judgment of the Justice Court of the Town of Walkill, Orange County (Joseph Owen, J.), rendered March 7, 2014. The judgment convicted defendant, after a nonjury trial, of passing a steady red arrow signal.




ORDERED that the judgment of conviction is reversed, on the facts, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
At 12:39 p.m. on October 24, 2013, defendant was driving a red Hyundai westbound on Route 211 in the Town of Walkill, Orange County, near the Orange Plaza Mall. A New York State trooper was in a patrol car, facing eastbound, stopped at a red light in the far left lane of Route 211, which had four lanes of traffic in each direction. After the light for the trooper turned green, she observed defendant make a left turn into the mall, causing all four lanes of eastbound traffic to come to a stop to avoid striking defendant's vehicle. Defendant was charged, in a simplified traffic information, with passing a steady red arrow signal, a violation of Vehicle and Traffic Law § 1111 (d) (3). After a nonjury trial, defendant was convicted.
On appeal, defendant claims, in effect, that the evidence was legally insufficient to support his conviction, and that the verdict of guilt was against the weight of the evidence. Defendant's legal insufficiency claim is unpreserved for appellate review, as he did not move to dismiss either at the close of the People's case or at the close of all of the evidence (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). 
In fulfilling our responsibility to conduct an independent review of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]; People v Linares, 49 Misc 3d 131[A], 2015 NY Slip Op 51430[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Here, the trooper never testified that defendant passed a red arrow signal. She only testified that when the light turned green in her direction, defendant "made a left-hand turn into the plaza [mall] causing all four lanes of [eastbound] traffic to come to a halt to avoid striking that vehicle and causing an accident." Nor did the trooper testify that the left turn arrow signal light in defendant's direction was working properly, or that it was properly synchronized with the traffic lights controlling eastbound traffic on Route 211 (cf. Matter of Ballen v Commissioner of Motor Vehicles, 147 AD2d 560, 561 [1989]; People v Parker, 43 Misc 1081 [Nassau County Ct 1964]). Thus, upon [*2]reviewing the record, we conclude that the verdict of guilt was against the weight of the evidence (see Vehicle and Traffic Law § 1111 [d] [3]; People v Romero, 7 NY3d 633 [2006]; People v Rivera, 46 Misc 3d 143[A], 2015 NY Slip Op 50190[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Bates, 26 Misc 2d 862, 862-863 [Westchester County Ct 1960]; see also People v Wenz, 12 Misc 3d 134[A], 2006 NY Slip Op 51194[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
In light of our determination, we need not address defendant's remaining contention.
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: May 25, 2016