The People of the State of New York, Respondent,
against
Mark Z. Frankel, Appellant.



Appeal from two judgments of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Daniel Cotter, J.H.O.), rendered July 8, 2014. The judgments convicted defendant, after a nonjury trial, of misuse of dealer or transporter plates, and unauthorized use of a nonpassenger vehicle on a parkway, respectively.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged in two simplified traffic informations with misuse of dealer or transporter plates (Vehicle and Traffic Law § 415 [8]), and unauthorized use of a nonpassenger vehicle on a parkway (17 NYCRR 182.31 [c]), respectively.
At a nonjury trial, a New York State trooper testified that, at approximately 3:16 p.m. on March 4, 2014, defendant was driving a minivan, bearing a New Jersey dealer license plate, on the Southern State Parkway in Nassau County. The minivan was owned by defendant's employer, a New Jersey automobile dealer. Defendant admitted to the trooper that he was going to a location to pick up parts for another vehicle. The trooper further testified that a vehicle is permitted on the Southern State Parkway only if it is registered as a passenger vehicle "because of the New York State parkway rules and regulations." A passenger vehicle with a dealer plate being driven on business was "[n]ot allowed on the parkway." The trooper issued four summonses to defendant for: unauthorized use of a nonpassenger vehicle on a parkway, operating an unregistered motor vehicle, operating an uninsured motor vehicle, and misuse of a dealer or transporter plate. 
The court found defendant not guilty of operating an unregistered motor vehicle and operating an uninsured motor vehicle. However, the court determined "that the commercial vehicle may have been a passenger vehicle but it was being used as a commercial vehicle, and as such, has to be registered as a commercial vehicle." Thus, the court found defendant guilty of misuse of a dealer or transporter plate and unauthorized use of a nonpassenger vehicle on a parkway.
On appeal, defendant contends that his guilt was not supported by legally sufficient evidence and that the verdicts of guilt were against the weight of the evidence.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's guilt of the two charges was supported by legally sufficient evidence. A vehicle with a dealer or transporter license plate cannot be used to pick up [*2]parts or supplies (see Vehicle and Traffic Law § 415 [8]; People v McCarren, 250 App Div 470, 471-473 [1937]; 1997 Ops Atty Gen No. 1997-27), and a vehicle held for sale or demonstration with a dealer plate can only be used on a parkway for personal use (see People v Giordano, 116 Misc 2d 393 [App Term, 2d Dept, 9th & 10th Jud Dists 1982]; People v Fitzgerald, 148 Misc 2d 352 [Village of Scarsdale Just Ct]; see also Vehicle and Traffic Law §§ 1630 [3]; 1800 [a], [b] [1]; 17 NYCRR 182.31 [c]; 184.2 [b]). 
Furthermore, upon the exercise of our factual review power, we find that the verdicts of guilt were not against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 349 [2007]; People v Romero, 7 NY3d 633, 644 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, is primarily for the trier of fact, who had the opportunity to view the witnesses, hear their testimony and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Zephyrin, 52 AD3d 543 [2008]). The determination of the trier of fact is accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record. Here, defendant admitted that he was using a vehicle owned by his employer, an automobile dealer, bearing a dealer plate, for a commercial purpose, to pick up parts for another vehicle owned by the dealer. Moreover, the vehicle did not have a passenger plate, and it was being used as a commercial vehicle that was not permitted on the parkway.
Accordingly, the judgments of conviction are affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: September 20, 2016