The People of the State of New York, Respondent,
against
James Moran, Appellant.




James Moran, appellant pro se.
Oyster Bay Town Attorney's Office (Donna B. Swanson of counsel), for respondent.

Appeal from two judgments of the District Court of Nassau County, Fourth District (Joseph Girardi, J.), rendered August 8, 2016. The judgments, after a nonjury trial, convicted defendant of violating Oyster Bay Town Code § 135-24 (C), in regard to a house, and Oyster Bay Town Code § 135-24 (B) and (C), in regard to a garage, respectively.




ORDERED that the judgment convicting defendant of violating Oyster Bay Town Code § 135-24 (C) (docket No. 13/000567F) in regard to a house is reversed, on the law and the facts, and the accusatory instrument charging that offense is dismissed; and it is further,
ORDERED that the judgment convicting defendant of violating Oyster Bay Town Code § 135-24 (B) and (C) (docket No. 15/000007F) in regard to a garage is affirmed.
Insofar as is relevant to this appeal, in August 2013, defendant was charged with violating Oyster Bay Town Code § 135-24 (C) for failing to maintain the roofing of a house in a watertight condition so as to prevent leakage into the building (docket No. 13/000567F). For an incident which took place in December 2014, defendant was charged, in January 2015, with violating Oyster Bay Town Code § 135-24 (B) for failing to maintain the exterior walls and wall components of a garage so as to prevent deterioration due to the elements, and Oyster Bay Town Code § 135-24 (C) for failing to maintain the roofing of a garage in a watertight condition so as to prevent leakage into the building (docket No. 15/000007F). Following a nonjury trial, [*2]defendant was convicted of these charges.
Defendant contends that the accusatory instruments are facially insufficient and should be dismissed because they do not allege that he failed to maintain a "building" and because the defining statute contains exceptions and thus the accusatory instruments were required, but failed, to plead that the exceptions did not apply. Contrary to defendant's contention, the accusatory instruments are informations, not complaints. In any event, they must be reviewed by the legal standards applicable to informations, as defendant did not waive his right to be prosecuted by information (see e.g. People v Dumay, 23 NY3d 518, 521-522 [2014]).
Chapter 135 of the Oyster Bay Town Code, "Housing Standards," article III, "Building Structural Requirements," § 135-24, "Building exterior," provides as follows:
"B. Exterior walls and wall components shall be maintained so as to prevent deterioration due to the elements and destructive insects. Such maintenance shall consist of painting, installation or repair of walls, copings and flashings; waterproofing of joints; waterproof coatings; installation or repair of termite shields; poison treatment of soil or other suitable means.
C. Roofing shall be maintained in a watertight condition so as to prevent leakage into the building. Such maintenance shall consist of repairs of roofing, flashing, waterproof coatings or other suitable means."
There is no merit to defendant's contention that the accusatory instruments are facially insufficient because they do not plead the exclusions found in Oyster Bay Town Code § 135-4 (A) with respect to transient-type occupancies and uses. Since the exclusions found in Oyster Bay Town Code § 135-4 (A) are outside of the defining statute, Oyster Bay Town Code § 135-24, it is a proviso, not an exception, which need not be pleaded in the accusatory instrument but which a defendant may raise as a defense (see People v Davis, 13 NY3d 17, 31-32 [2009]; People v Santana, 7 NY3d 234, 236-237 [2006]; People v Adekoya, 50 Misc 3d 99 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Gill, 37 Misc 3d 24, 26 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). 
Upon a review of the accusatory instruments, we find that the factual allegations are sufficient to establish, if true, every element of the offenses charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). We note that the law does not require that an information contain the most precise words or phrases which most clearly express the thought; rather, "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569, 575 [2004]). Contrary to defendant's contention, the accusatory instruments did not have to provide factual allegations regarding the definition of a building. 
Defendant's contention that the evidence at trial was legally insufficient to support his convictions because the People failed to establish that the house and garage were "buildings" within the definition of Oyster Bay Town Code § 135-1 (A) is unpreserved for appellate review because, with respect to the charges of which defendant was convicted, defendant failed to raise [*3]this argument at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). However, defendant's contention will be reviewed upon the exercise of our authority to review the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]).
Oyster Bay Town Code § 135-24 applies to "Building exterior(s)." Oyster Bay Town Code § 135-1 (A), "Definitions," defines a "building" as "[a] structure wholly or partially enclosed within exterior walls or within exterior or party walls and a roof, affording shelter to persons, animals or property," and defines a "structure" as "[a]n assembly of materials forming a construction framed of component structural parts for occupancy or use, including buildings." A significant difference between the two definitions is that a "building" implies that, at the time and place of the offense, it was actively "affording" shelter to persons, animals or property, whereas a "structure," other than a building, is "for occupancy and use" which does not imply current "occupancy or use," just that the structure was constructed to be occupied or used. At trial, the code enforcement inspector testified that the house had not been occupied on any of his visits, that he had never observed the house "used in any way, shape or form," and that he was not aware of the house providing any shelter. The uncontroverted trial testimony also established that a car had been parked in the garage when the inspector had observed the garage in December 2014.
Upon weighing "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Zephyrin, 52 AD3d 543, 543 [2008] [internal quotation marks and citation omitted]), we "determine firstly, that an acquittal . . . would not have been unreasonable based upon the evidence presented, and secondly," with respect to the count charging defendant with violating Oyster Bay Town Code § 135-24 (C) for failing to maintain the roof of a house, that the District Court "failed to accord the evidence the weight it should have been accorded" (id.; see People v Danielson, 9 NY3d at 348). The evidence adduced at trial did not establish that the house was a building as defined in Oyster Bay Town Code § 135-1 (A), since there was no evidence that, at the time of the alleged offense, the house was "affording shelter to persons, animals or property." Consequently, we find that the verdict convicting defendant of violating Oyster Bay Town Code § 135-24 (C) (docket No. 13/000576F) with respect to the house was against the weight of the evidence, and, thus, the judgment convicting defendant of that charge must be reversed and the accusatory instrument charging this offense dismissed. 
With respect to the counts charging defendant with violating Oyster Bay Town Code § 135-24 (B) and (C), pertaining to the roof, exterior walls and wall components of a garage, we find that the District Court did not fail "to accord the evidence the weight it should have been accorded" (People v Zephyrin, 52 AD3d at 543; People v Danielson, 9 NY3d at 348), since the evidence adduced at trial established that the garage had contained a car and, therefore, the garage was a building, as defined by Oyster Bay Town Code § 135-1 (A), in that it was "affording shelter to . . . property." Consequently, we are satisfied that the verdict convicting defendant of violating Oyster Bay Town Code § 135-24 (B) and (C) (docket No. 15/000007F) was not against the weight of the evidence. 
Accordingly, the judgment convicting defendant of violating Oyster Bay Town Code § 135-24 (C) (docket No. 13/000567F) is reversed and the accusatory instrument charging that [*4]offense is dismissed, and the judgment convicting defendant of violating Oyster Bay Town Code § 135-24 (B) and (C) (docket No. 15/000007F) is affirmed. 
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2018