People v Conti (2020 NY Slip Op 51416(U))

[*1]

People v Conti (Anthony)

2020 NY Slip Op 51416(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : BRUCE E. TOLBERT, J.P., JERRY GARGUILO, TERRY JANE
RUDERMAN, JJ

2019-73 D CR

The People of the State of New York,
Respondent, 
against
Anthony Conti, Appellant. 

Joseph E. Ruyack, III, for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from three judgments of the Justice Court of the Town of Stanford, Dutchess County
(Frank T. Webber, J.), rendered December 19, 2018. The judgments convicted defendant, upon
jury verdicts, of criminal tampering in the third degree and two charges of aggravated harassment
in the second degree, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in three accusatory instruments with criminal tampering in the third
degree (Penal Law § 145.14) and with two charges of aggravated harassment in the second
degree (Penal Law § 240.30 [1] [b]), respectively. Following a jury trial, defendant was
convicted of the three charges. Defendant contends that the verdicts were against the weight of
the evidence.
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v
Danielson, 9 NY3d 342, 348 [2007]; People v Romero, 7 NY3d 633, 636 [2006]),
after weighing "the relative probative force of conflicting testimony and the relative strength of
conflicting inferences that may be drawn from the testimony" (People v Zephyrin, 52 AD3d 543,
543 [2008] [internal quotation marks and citation omitted]), we must "determine . . . [whether]
an acquittal . . . would not have been unreasonable based upon the evidence presented, and . . .
[whether] the [jury] failed to accord the evidence the weight it should have been accorded"
(id.; see People v Danielson, 9 NY3d at 348). Upon a review of the record, we are
of the opinion that the verdicts finding defendant guilty of criminal tampering in the third degree
and the two charges of aggravated harassment in the second degree were not against the weight
of the evidence (see [*2]People v Romero, 7 NY3d at
644-647).
Accordingly, the judgments of conviction are affirmed.
TOLBERT, J.P., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020