People v Crawford (2022 NY Slip Op 50371(U))

[*1]

People v Crawford (Andre)

2022 NY Slip Op 50371(U) [75 Misc 3d 128(A)]

Decided on April 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-594 Q CR

The People of the State of New York,
Respondent,
against
Andre Crawford, Appellant. 

Appellate Advocates, David Fitzmaurice of counsel, for appellant.
Queens County District Attorney, Johnnette Traill and Nancy Fitzpatrick Talcott of counsel, for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Jerry M. Iannece, J.), rendered February 27, 2019. The judgment convicted defendant, upon a
jury verdict, of driving while ability impaired and driving a motor vehicle with an inoperable stop
lamp, and imposed sentence.

ORDERED that the judgment is reversed, insofar as it convicted defendant of driving while
ability impaired, on the facts, and, insofar as it convicted defendant of driving a motor vehicle
with an inoperable stop lamp, on the law, the accusatory instrument is dismissed and the fine, if
paid, is remitted.
Defendant was charged in an accusatory instrument with common-law driving while
intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired (Vehicle
and Traffic Law § 1192 [1]), and driving a motor vehicle with an inoperable stop lamp
(Vehicle and Traffic Law § 375 [40] [b]).
At a jury trial, the arresting officer testified that he did not observe defendant's vehicle
swerve or speed, nor did he observe defendant fail to properly use signals or a seatbelt.
Additionally, he testified that he observed an inoperable stop lamp on defendant's vehicle from
1,000 feet away. The officer further testified that, after having pulled defendant over, he smelled
the odor of an alcoholic beverage emanating from defendant's breath and noticed that defendant
[*2]was unsteady on his feet after exiting the vehicle. He arrested
defendant and observed that defendant's eyes were watery and bloodshot. Defendant was taken to
the precinct where standardized field sobriety tests were administered to defendant, which he did
not successfully perform. A video recording of defendant performing these tests was shown to
the jury. Defendant could be heard explaining to the officers that he had a leg and eye injury, and
he displayed a brace he was wearing on his leg. When performing the field sobriety tests,
defendant exhibited great difficulty in doing so, as he was unable to bear weight on the injured
leg. The jury acquitted defendant of common-law driving while intoxicated and found him guilty
of driving while ability impaired and driving a motor vehicle with an inoperable stop lamp.
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v
Danielson, 9 NY3d 342, 348-349 [2007]), we accord great deference to the jury's opportunity
to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility
(see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490,
495 [1987]). The officer described the manner in which defendant was properly operating his
vehicle, and the video showed that defendant's speech was not slurred and that he was coherent
and understood the officer's field sobriety test instructions. Additionally, the video revealed that
defendant's leg injury prevented him from bearing weight on his leg and caused him pain when
doing so during the field sobriety tests. After weighing "the relative probative force of conflicting
testimony and the relative strength of conflicting inferences that may be drawn from the
testimony" (People v Zephyrin, 52
AD3d 543, 543 [2008] [internal quotation marks omitted]), and "determin[ing] firstly, that
an acquittal . . . would not have been unreasonable based upon the evidence presented, and
secondly, that the [jury] failed to accord the evidence the weight it should have been accorded"
(id.; see Danielson, 9 NY3d at 348; People v Romero, 7 NY3d 633, 643-646 [2006]), we find that the
verdict convicting defendant of driving while ability impaired was against the weight of the
evidence.
Viewing the evidence in the light most favorable to the People (see People v Contes,
60 NY2d 620 [1983]), we find that it was legally insufficient to establish beyond a reasonable
doubt defendant's guilt of driving a motor vehicle with an inoperable stop lamp. The officer's
testimony failed to establish that he observed an inoperable stop lamp from 500 feet or less, as is
required to support a conviction under Vehicle and Traffic Law § 375 (40) (b).
In view of the foregoing, we pass on no other issues.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 22, 2022