People v Messina (2023 NY Slip Op 23147)

[*1]

People v Messina (Gregory)

2023 NY Slip Op 23147

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2021-663 S CR

The People of the State of New York, Respondent, 
against
Gregory Messina, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (John Andrew Kay, J.H.O.), rendered October 1, 2021. The judgments convicted defendant, after a nonjury trial, of operating an unregistered motor vehicle, operating an uninspected motor vehicle, operating, parking or standing a motor vehicle not properly equipped or lighted, two charges of exceeding motor vehicle weight dimension or limitations, failing to use a designated lane, operating a motor vehicle with an obstructed view, failing to exercise due care to avoid colliding with a parked, stopped or standing authorized emergency vehicle and speeding, and imposed sentences.

ORDERED that the judgments convicting defendant of operating, parking or standing a motor vehicle not properly equipped or lighted and speeding are affirmed; and it is further,
ORDERED that the judgments convicting defendant of two charges of exceeding motor vehicle weight dimension or limitations, and failing to exercise due care to avoid colliding with a parked, stopped or standing authorized emergency vehicle are reversed, on the law, the accusatory instruments charging these offenses are dismissed, and the fines, if paid, are remitted; and it is further,
ORDERED that the judgments convicting defendant of operating an unregistered motor vehicle, operating an uninspected motor vehicle, failing to use a designated lane, and operating a motor vehicle with an obstructed view are reversed, on the facts, the accusatory instruments charging these offenses are dismissed, and the fines, if paid, are remitted.
Insofar as is relevant to this appeal, by separate accusatory instruments, defendant was charged with operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), operating an uninspected motor vehicle (Vehicle and Traffic Law § 306 [b]), operating, parking or standing a motor vehicle not properly equipped or lighted (Vehicle and Traffic Law § 375 [19]), two charges of exceeding motor vehicle weight dimension or limitations (Vehicle and [*2]Traffic Law § 385 [6]), failing to use a designated lane (Vehicle and Traffic Law § 1128 [c]), operating a motor vehicle with an obstructed view (Vehicle and Traffic Law § 1213 [a]), failing to exercise due care to avoid colliding with a parked, stopped or standing authorized emergency vehicle (Vehicle and Traffic Law § 1144-a [a]), and speeding (Vehicle and Traffic Law § 1180 [b]). After a nonjury trial, defendant was convicted of the aforementioned charges and sentenced to pay fines. On appeal, defendant contends, among other things, that the evidence was legally insufficient to support the convictions or that the verdicts were against the weight of the evidence.
With respect to defendant's conviction of failing to exercise due care to avoid colliding with a parked, stopped or standing authorized emergency vehicle, Vehicle and Traffic Law §1144-a, provides, in pertinent part, that:
"(a) Every operator of a motor vehicle shall exercise due care to avoid colliding with an authorized emergency vehicle which is parked, stopped or standing on the shoulder or any portion of such highway and such authorized emergency vehicle is displaying one or more red or combination red and white lights . . . or is displaying one or more blue, combination blue and red or combination blue, red and white lights . . . . For operators of motor vehicles on parkways or controlled access highways, such due care shall include, but not be limited to, moving from a lane which contains or is immediately adjacent to the shoulder where such authorized emergency vehicle displaying one or more red, blue or white or any combination of red and white lights or blue or combination blue and red or combination blue, red and white lights" (emphasis added).
No evidence was provided at trial regarding the color of the lights displayed by the emergency vehicle. The color of the lights is an element of the charge which the People are required to establish at trial. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally insufficient to establish defendant's guilt of failing to exercise due care to avoid colliding with a parked, stopped or standing authorized emergency vehicle (Vehicle and Traffic Law §1144-a [a]) beyond a reasonable doubt. 
With respect to the judgments convicting defendant of failing to use a designated lane (Vehicle and Traffic Law § 1128 [c]), operating a motor vehicle with an obstructed view (Vehicle and Traffic Law § 1213 [a]), and two charges of exceeding motor vehicle weight dimension or limitations (Vehicle and Traffic Law § 385 [6]), the People concede that all of the elements for each of these charges were not established at trial. Viewing the evidence in the light most favorable to the People (see Contes, 60 NY2d at 621) and indulging in all reasonable inferences in the People's favor (see Ford, 66 NY2d at 437), we agree that the evidence was legally insufficient to establish defendant's guilt beyond a reasonable doubt of the two charges of exceeding motor vehicle weight dimension or limitations, as the trial evidence did not establish each and every element of these charges. 
With respect to the judgments convicting defendant of failing to use a designated lane (Vehicle and Traffic Law § 1128 [c]) and operating a motor vehicle with an obstructed view [*3](Vehicle and Traffic Law § 1213 [a]), defendant's legal sufficiency contentions are unpreserved for appellate review since he failed to raise the same arguments at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). Nevertheless, since there is no preservation requirement associated with defendant's contention that the guilty verdicts of these two charges were against the weight of the evidence, we necessarily determine whether all of the elements of the offenses charged were proven beyond a reasonable doubt as part of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]). A review of the record indicates that different results would not have been unreasonable (see People v Zephyrin, 52 AD3d 543 [2008]). Upon the exercise of our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), and weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see Bleakley,69 NY2d at 495; Zephyrin, 52 AD3d 543), we find that the verdicts convicting defendant of failing to use a designated lane and operating a motor vehicle with an obstructed view were against the weight of the evidence, as the trial evidence failed to establish each and every element of these charges.
Defendant's contentions regarding the legal sufficiency of the evidence with respect to operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]) and operating an uninspected motor vehicle (Vehicle and Traffic Law § 306 [b]) are also unpreserved for appellate review since he failed to raise them at trial (see CPL 470.05 [2]; Hawkins, 11 NY3d at 491-492; Hines, 97 NY2d at 61; Gray, 86 NY2d 10). However, we review defendant's contention that these verdicts were also against the weight of the evidence, and note that these offenses are related to a trailer which was attached to the rear of defendant's vehicle.
With respect to the charge of operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), Vehicle and Traffic Law § 401 clearly distinguishes a trailer from a motor vehicle as section (1) (a) solely addresses a "motor vehicle," and section (1) (b) addresses a "trailer," stating that "Every owner of a trailer shall also make application for the registration thereof in the manner herein provided for an application to register a motor vehicle" (emphasis added). However, defendant is charged with violating Vehicle and Traffic Law § 401 (1) (a), not § 401 (1) (b). Moreover, the evidence at trial indicated that defendant handed the officer a registration and that testimony did not clearly establish that defendant failed to provide the officer with a registration for the trailer. With respect to the charge of operating an uninspected motor vehicle (Vehicle and Traffic Law § 306 [b]), Vehicle and Traffic Law § 308 clearly states that as "used in this article the term 'motor vehicle' shall include trailers," and both Vehicle and Traffic Law § 306 and § 308 are contained in article 5 of the Vehicle and Traffic Law.[FN1]
 Moreover, no evidence was provided at trial regarding whether the trailer had a valid inspection [*4]certificate. Consequently, upon the exercise of our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), we find that the verdicts convicting defendant of operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]) and operating an uninspected motor vehicle (Vehicle and Traffic Law § 306 [b]) were against the weight of the evidence.
Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), we find that the verdict convicting defendant of speeding (Vehicle and Traffic Law § 1180 [b]) was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Defendant's remaining arguments lack merit or are unpreserved for appellate review (see People v Klein, 7 NY2d 264 [1959]; People v Sloane, 59 Misc 3d 143[A], 2018 NY Slip Op 50697[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Rozario, 20 Misc 3d 76, 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). We note that, on appeal, defendant does not raise an against the weight of the evidence argument with respect to his conviction of parking or standing a motor vehicle not properly equipped or lighted (Vehicle and Traffic Law § 375 [19]).
Accordingly, the judgments convicting defendant of operating, parking or standing a motor vehicle not properly equipped or lighted and speeding are affirmed, and the judgments convicting defendant of operating an unregistered motor vehicle, operating an uninspected motor vehicle, two charges of exceeding motor vehicle weight dimension or limitations, failing to use a designated lane, operating a motor vehicle with an obstructed view, and failing to exercise due care to avoid colliding with a parked, stopped or standing authorized emergency vehicle are reversed, and the accusatory instruments charging these offenses are dismissed.
EMERSON, J.P., GARGUILO and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023

Footnotes

Footnote 1:We note that Vehicle and Traffic Law § 401 is contained in article 14 of the Vehicle and Traffic Law.